IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES GLADFELTER,          :
                             :
              Petitioner,    :          4:CR-08-00275
                             :
      v.                     :
                             :          (Judge McClure)
                             :          (Magistrate Judge Smyser)
ATTORNEY GENERAL OF          :
THE COMMONWEALTH OF          :
PENNSYLVANIA,                :
YORK COUNTY DISTRICT         :
ATTORNEY,                    :
                             :
              Respondents.   :


**M E M O R A N D U M**

May 8, 2009

**BACKGROUND:**

On March 13, 2008, petitioner Charles Gladfelter, <u>pro se</u>,[1] an inmate

currently incarcerated at State Correctional Institution in Hunlock Creek,

Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  (Rec. Doc. No. 1).  With leave of the Court, an amended petition was filed

on August 21, 2008.  (Rec Doc. No. 22).  Gladfelter is challenging his conviction

---

[1]Karl E. Rominger, Esq. entered an appearance on behalf of petitioner on March
24, 2008.  (Rec. Doc. No. 6).  Mr. Rominger remains petitioner's counsel at present.

1

and sentence in the Court of Common Pleas of York County, Pennsylvania, with claims of ineffective assistance of counsel and trial court error. The government filed a response to Gladfelter's petition on March 3, 2008. (Rec. Doc. No. 5).

The matter was initially referred to United States Magistrate Judge Smyser.

On January 26, 2009, Magistrate Judge Smyser filed a thirteen-page (13) report and recommendation. (Rec. Doc. No. 36). In his report, Magistrate Judge Smyser, finding that there was no trial court error and that state courts reasonably held that Gladfelter enjoyed effective assistance of counsel, concluded that Gladfelter's petition for a writ of habeas corpus should be dismissed.

On February 6, 2009, petitioner filed objections to the report and recommendation. (Rec. Doc. Nos. 39, 41). With our permission, amended objections were filed on March 20, 2009. (Rec. Doc. No. 45). Petitioner filed a supporting brief with his objections. (Rec. Doc. No. 46). This matter is now ripe for disposition.

After de novo review of the record, including the report and recommendation and plaintiff's objections to the report and recommendation, and applicable law, we have concluded that we agree with the magistrate judge's analysis and recommendations, and will therefore adopt the report and recommendation so far as it is consistent with this opinion and dismiss the petition.

**FACTUAL BACKGROUND:**

On September 5, 2003, Gladfelter was found guilty of involuntary deviate sexual intercourse, statutory sexual assault and indecent assault in the Court of Common Pleas of York County, Pennsylvania ("trial court" or "York County Court"). The relevant facts were summarized by the trial court as follows:

> A Criminal Complaint was filed on October 30, 2002 which charged [Gladfelter] with Involuntary Deviate Sexual Intercourse (§ 3122.1 of the Crimes Code); Aggravated Indecent Assault (§ 3125 of the Crimes Code); Indecent Assault (§ 3126 of the Crimes Code); and Unlawful Acts Under the Pharmacy Act (63. P.S. § 390-8)(13)). The charges stemmed from allegations that [Gladfelter] had consensual sexual contact with H.J.L. (date of birth: 2/4/87) at various locations in and about Jefferson Borough, North Condorus, Codorus and Manheim Townships, York County, Pennsylvania during the months of July and August 2002. During that time H.J.L. was 15 years of age and [Gladfelter] was 24 years of age. The Pharmacy Act violation was based upon allegations that [Gladfelter] had supplied his wife's birth control pills to H.J.L. to prevent pregnancy.
> The case was tried to a jury September 3, 4, and 5, 2003 at the conclusion of which [Gladfelter] was found guilty of Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault and Indecent Assault. [The remaining charges of Aggravated Indecent Assault and violations of the Pharmacy Act were withdrawn from the jury's consideration.]
>
> Although during the trial of the case the victim, H.J.L. testified to the nature of the sexual contacts and acts between

her and [Gladfelter], there was never any issue as to those sexual acts and contacts occurring. Rather the focus of the proceeding was upon the consensual nature of the sexual contacts and [Gladfelter]'s assertion of the defense of "mistake of age." See, § 3102 of the Crimes Code. [Gladfelter] testified as to his belief that H.J.L. was at least 16 years of age during the period of time that he had sexual contact with the victim, while H.J.L. testified that she had told [Gladfelter] she was 15 years of age and that due to past and rather long standing acquaintanceship and family histories, [Gladfelter] was aware of her actual age of 15 years during the time period in question.

At a sentencing hearing conducted and held on December 17, 2003 the Trial Court imposed the following sentences:

1. On the offense of Involuntary Deviate Sexual Intercourse [Gladfelter] was sentenced to 75 to 150 months in a State Correctional Institution;

2. On the offense of Statutory Sexual Assault [Gladfelter] was sentenced to 15 to 30 months in a State Correctional Institution concurrent;

3. No separate sentence was imposed on the offense of Indecent Assault.

(Rec. Doc. No. 29, Appx. D at pp. 1-3). On December 24, 2003, petitioner filed a

pro se petition for reconsideration of sentence. Replacing his trial counsel, Thomas

Kearney, III, Esq., with Christopher Ferro, Esq. on December 30, 2003, petitioner

filed post-sentencing motions, which were denied on February 9, 2004.

Gladfelter also timely filed a direct appeal to the Pennsylvania Superior

Court, raising two (2) issues. Specifically, Gladfelter claimed the trial court erred

4

in excluding testimony regarding the victim's prior false allegation of sexual

misconduct and in excluding statements made by the victim's brother as

inadmissible hearsay. Pennsylvania v. Gladfelter, No. 400-MDA-2004, at p. 1 (Pa.

Super. Ct. Dec. 29, 2004) (unpublished memorandum) ("Gladfelter I"). The

Superior Court affirmed the judgment of sentence. Id. Gladfelter did not seek

allowance of appeal with the Pennsylvania Supreme Court. Pennsylvania v.

Gladfelter, No. 109-MDA-2006, at p. 2 (Pa. Super. Ct. Oct. 18, 2006) (unpublished

memorandum) ("Gladfelter II").

On July 22, 2005, Gladfelter, through counsel, filed a petition for collateral

relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.

Stat. Ann. §§ 9541, et seq. After an evidentiary hearing, the York County Court

dismissed the PCRA petition, concluding that it was without merit, on November

18, 2005. Gladfelter II at p. 2.

Gladfelter filed a timely appeal to the Pennsylvania Superior Court in which

he raised the following issues:

> [1]. Whether trial counsel was ineffective for failing to request
> a curative instruction and/or a mistrial after the complaining
> witness testified that her sexual relationship with [Gladfelter]
> stopped when "he started dating someone else" in her school?
>
> [2]. Whether trial counsel's failure to impeach the
> Commonwealth's complaining witness with evidence tending to
> show bias and/or motive to testify falsely against [Gladfelter]

was ineffective assistance of counsel?

[3]. Whether trial counsel was ineffective for failing to object to the trial court's jury instruction which indicated that the jury could find [Gladfelter] guilty if there was a sexual relationship between [Gladfelter] and the Complainant?

[4]. Whether trial counsel was ineffective for failing to request a mistrial after the jury indicated to the trial court that it was deadlocked and presented the court with a tally of its current vote?

[5]. [Whether] trial counsel was ineffective for failing to properly investigate and later present critical evidence in support of [Gladfelter's] mistake of age defense?

Id. at 2-3.

On October 18, 2006, the Superior Court affirmed the judgment of the PCRA Court. In its discussion, the Superior Court addressed the standard for demonstrating trial counsel's ineffectiveness, stating that Gladfelter "must show by a preponderance of the evidence, ineffective assistance of counsel which, in circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." Id. at 3 (quoting Pennsylvania v. Johnson, 868 A.2d 1278, 1281 (Pa. Super. Ct. 2005)). In doing so, Gladfelter needed to "demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel has no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a

reasonable probability that the outcome of the proceedings would have been different.  Id. (quoting Johnson, 868 A.2d at 1281).

After reviewing the issues raised by Gladfelter and Kearney's testimony regarding Kearney's reasons for not taking the actions questioned by petitioner, the Superior Court determined that Gladfelter had not sustained his burden of proof under the PCRA to show that Kearney's course of action was not a "tactical decision that was reasonable under the circumstances " or that he was prejudiced by counsel's actions with regards to Kearney's failure to request a curative instruction or mistrial after the complaining witness testified regarding the reason her sexual relationship with Gladfelter ceased, id. at 7-8, Kearney's decision not to object to the trial court's jury instruction, id. 10-11, or trial counsel's decision not to hire an investigator to search for more information regarding the "mistake of age" defense, id. at 14.  The court also concluded that it could not address Gladfelter's argument that his trial counsel was ineffective by failing to confront the complainant with evidence of her previous false allegation of sexual misconduct because the court previously addressed the issue on direct appeal.  Id. at 8-9.  Lastly, the court noted that Gladfelter failed to show there was any merit to his contention that Kearney was "ineffective for failing to request a mistrial when, after three and one-half hours of deliberation, the jury reported to the court that it

was deadlocked . . . ." <u>Id.</u> at 11-12.  Gladfelter subsequently filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied by order dated February 15, 2007.  <u>Pennsylvania v. Gladfelter</u>, 917 A.2d 313 (Pa. 2007).

On March 13, 2008, Gladfelter timely filed a petition for writ of habeas corpus with this Court.  An amended petition was timely filed, with leave from the Court, on August 21, 2008, in which he alleges three claims of ineffective assistance of counsel and one claim of trial court error.  In particular, those claims are set forth as follows:

> A.     Ground One: Deprivation of Right to Effective Assistance of Counsel, As Guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.
>
>     Petitioner's trial counsel was ineffective for eliciting Complainant's statement that Petitioner "started dating someone else in my [high] school" through cross-examination, and for not requesting a curative instruction and/or mistrial pursuant to Pa. R.E. 404(a)(1), (b)(1), and (b)(3). Further, not only did trial counsel fail to appreciate the prejudicial magnitude of the statement in relation to Petitioner's character, especially in a trial that revolves solely around the credibility of Complainant and Petitioner, but trial counsel subsequently re-questioned Complainant during re-cross and *again* asked Complainant the same question which elicited the prejudicial remark the first time. (R.R. at 301a)
>
>     By way of additional factual support for his claim, Petitioner respectfully incorporates by reference those facts set

forth in his Brief in Support of Petition for Writ of Habeas Corpus, which is being filed contemporaneously herewith.


B. Ground Two: Deprivation of Right to Effective Assistance of Counsel, As Guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

Petitioner also raises the claim that his trial counsel was ineffective for failing to impeach Complainant's credibility with undisputed evidence that Complainant had made a prior false allegation of sexual abuse against her own father.

Although trial counsel did attempt to admit the false allegation into evidence, the trial judge refused admittance on the ground that specific instances of past misconduct are not admissible to impeach the credibility of a witness under Pennsylvania rules of evidence. (R.R. at 88a-89a) However, trial counsel was ineffective for failing to explain to the trial judge the relevance and necessity of the information as it related to Petitioner's mistake of age defense.

By way of additional factual support for his claim, Petitioner respectfully incorporates by reference those facts set forth in his Brief in Support of Petition for Writ of Habeas Corpus, which is being filed contemporaneously herewith.

C. Ground Three: Deprivation of Right to Effective Assistance of Counsel, As Guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

Petitioner further alleges that his trial counsel was ineffective for failing to reasonably investigate Ben Luckenbaugh (hereinafter "Mr. Luckenbaugh"), who was not only in a key position to verify Petitioner's testimony with regard to his mistake of age defense, but who also allegedly played a key role in the events at issue.

By way of additional factual support for his claim, Petitioner respectfully incorporates by reference those facts set forth in his Brief in Support of Petition for Writ of Habeas Corpus, which is being filed contemporaneously herewith.

D. Ground Four: Deprivation of Right to Fair Trial, As Guaranteed By the Fifth and Fourteenth Amendments to the Constitution of the United States.

The trial court clearly instructs the jury that the can find Petitioner guilty if they are satisfied that a sexual relationship between Petitioner and Complainant took place. Not only does the instruction directly discredit Petitioner's mistake of age defense by clearly misapplying 18 Pa. C.S.A. § 31021, but it also confuses and misleads the Jury.

(Rec. Doc. No. 22, pp. 3-5).

**DISCUSSION:**

A district court reviews <u>de</u> <u>novo</u> those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id</u>.

I. <u>Standards of Review</u>

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his

confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions ." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Estelle</u>, 502 U.S. at 67-6; <u>see also</u> <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir. 1997).

A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). 28 U.S.C. § 2244(d)(1). Before a court may review such a petition, the petitioner must demonstrate exhaustion of state court remedies and lack of procedural default. 28 U.S.C. § 2254(b)(1). Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (quoting <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)) (internal quotations and additional citations omitted). In order to provide the state with the opportunity to address the prisoner's federal claims, a state prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby

alerting that court to the federal nature of the claim.  Id. (citing Duncan, 513 U.S. at 365-66.).  Only then may the court examine the merits of the petition.

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome."  Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent."  Id. at 890.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 317 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal,

13

examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp. 2d 354, 364 (M.D. Pa.2004) (citing 28 U.S.C. § 2254(d)(2) and (f)). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp. 2d at 296; see also Williams v. Taylor, 529 U.S. 362, 410 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-10.

Finally, the United States Supreme Court has clarified the test a district court must apply before granting relief where the court finds constitutional error:

> [I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Fry v. Pliler, 551 U.S. 112, 127 S.Ct. 2321, 2328(2007). Thus, even if the Court concludes that constitutional error occurred in the state court, the Court may not

grant relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 631; see also Bond v. Beard, 539 F.3d 256, 276 (3d Cir. 2008).

## A. Ineffective Assistance of Counsel

According to the Sixth Amendment, "[i]n all prosecutions, the accused shall . . . have the [a]ssistance of [c]ounsel for his defence." U.S. Const. Amend. VI. In order to establish a claim of ineffective assistance of counsel, defendant must establish two different components. First, petitioner must establish that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). This component of the Strickland test is satisfied by showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. A court's scrutiny of counsel's performance must be highly deferential, indulging a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;" that is, the petitioner must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy." Id. at 688-89, 690-92. The question is not whether counsel did not err, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place of counsel's conduct.

Id.

Second, defendant must show that this deficient performance prejudiced the outcome. Id. at 687. This component is satisfied upon a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would been different. Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. This standard "is not a stringent one;" it is less demanding than the preponderance standard. Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999).

Therefore, under § 2254(d)(1), the relevant inquiry in assessing ineffectiveness claims that have been adjudicated on the merits is whether the state court's decision involved an unreasonable application of Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); Werts v. Caughn, 228 F.3d 178, 204 (3d Cir. 2000). Further, under § 2254(d)(2), the relevant inquiry is whether the state court made unreasonable factual determinations when deciding whether the petitioner received constitutionally effective counsel. Bond 539 F.3d at 279.


1.  Failure to Request Mistrial

In his first claim for habeas relief, petitioner contends that trial counsel was ineffective because he declined to pursue a mistrial or curative instruction after

eliciting testimony from the victim that her sexual relationship with Gladfelter

ended because he "started dating someone else in [her high] school." (Rec. Doc.

No. 22, p. 3). Petitioner argues that, because he was asserting a mistake of age

defense, this remark was so prejudicial that trial counsel's failure to seek a curative

measure amounts to ineffective assistance of counsel. We disagree.

Petitioner first raised this issue in his PRCA petition. The PRCA denied the

petition and the Superior Court affirmed stating as follows with respect to this

claim:

> At the hearing on the PCRA petition in the present appeal, trial counsel testified that he did not object to the victim's testimony because he believed a request for a mistrial or curative instruction would merely draw harmful attention to the comment, giving it more credence. The PCRA court concluded that trial counsel made a tactical decision that was reasonable under the circumstances, as the testimony of the victim did not bear on [Gladfelter's] bad character or bad acts. The trial court stressed that a high school-aged girl is not necessarily under the age of consent, as was the victim. Moreover, the PCRA court observed that there was no testimony indicating that Appellant was involved in a sexual relationship with the other high-school aged girl. Thus, the PCRA court concluded that [Gladfelter] failed to show that either a curative instruction or a mistrial was required, and [Gladfelter] failed to demonstrate the prejudice prong of the ineffectiveness test as well. Accordingly, we agree that [Gladfelter] failed to prove that his counsel was ineffective.

Gladfelter II at pp. 7-8. Magistrate Judge Smyser echoed these sentiments in

recommending the dismissal of this claim.  <u>See</u> (Rec. Doc. No. 36, pp. 9-10).  We

agree with the magistrate judge and the state court for similar reasons.  That the

petitioner, focusing on the magistrate judge's assertion that he recognizes the

possibility of prejudice in this situation, claims that the testimony and the

subsequent failure to cure essentially painted him as a predator of young women is

unpersuasive.  The second prong of the <u>Strickland</u> test requires the petitioner to

show a reasonable probability of prejudice, not the mere possibility thereof, and

there is nothing in the record to suggest that jurors viewed Gladfelter in the light in

which he claims.  Additionally, the fact that there was no indication regarding the

other individual's age, nor any testimony suggesting the petitioner had a sexual

relationship with her, casts significant doubt upon petitioner's argument.

Due to the lack of prejudice, petitioner was not entitled to a curative

measure, and therefore his decision not to seek such a remedy could not be

considered unreasonable.  Thus, we hold that the state court's determinations were

reasonable in light of the evidence presented and were not contrary to, or

unreasonable applications of, clearly established federal law.


2.  <u>Failure to Impeach Complainant's Credibility</u>

In his second claim, petitioner urges that trial counsel was ineffective "for

failing to impeach Complainant's credibility with undisputed evidence that Complainant had made a prior false allegation of sexual abuse against her own father." (Rec. Doc. No. 22, pp. 4). However, in the same breath, petitioner acknowledges that "trial counsel did attempt to admit the false allegation into evidence, [but] the trial judge refused admittance on the ground that specific instances of past misconduct are not admissible to impeach the credibility of a witness under Pennsylvania rules of evidence." (Id.) Petitioner then complains that trial counsel's ineffectiveness is actually related to his failure "to explain to the trial judge the relevance and necessity of the information as it related to Petitioner's mistake of age defense." (Id.).

This claim is wholly without merit. See Pennsylvania v. Edwards, 762 A.2d 382, 390 (Pa. Super. Ct. 2000) (holding that counsel cannot be deemed ineffective for failing to raise a claim that is without merit). Trial counsel was attempting to introduce the evidence in question because it directly addressed the "issue of her credibility and whether or not she is a person likely to tell a misstatement under oath." (Rec. Doc. No. 31, Trial Transcript, p. 88). However, as the Superior Court noted, "[Pennsylvania] provides that specific acts of alleged misconduct cannot be introduced to impeach a witness. The proper method of cross examination is to impeach a witness by demonstrating that the witness had a bad reputation in the

community for truth and veracity," <u>Gladfelter I</u> at p. 4 (quoting <u>Pennsylvania v. Peer</u>, 684 A.2d 1077, 1082-83 (Pa. Super. Ct. 1996)).  This evidentiary edict is not contrary to federal law.  <u>See</u> Fed. R. Evid. 608.

Other than objecting to the court's determination that such evidence is inadmissible and preserving the argument for appeal, no reasonable attorney could be expected to further press the issue at trial.  Trial counsel's decision not to badger the court regarding an issue upon which it had previously ruled was a wise one. Hounding the court about its past rulings rarely has a positive effect upon the proceedings, and could have cultivated the appearance that the petitioner was afraid of the information in question, thereby negatively impacting the jury's opinion of him.   Moreover, as Magistrate Judge Smyser correctly pointed out, "[t]he petitioner's claim that counsel should have pressed the issue further at trial and should have argued other grounds, should have cited more cases, and should have been more fervent is not a claim upon which the state court has either explicitly or implicitly made an unreasonable determination."  (Rec. Doc. 36, p. 12).

Thus, we hold that the state court's determinations were reasonable in light of the evidence presented and were not contrary to, or unreasonable applications of, clearly established federal law.

## 3.  Failure to Investigate & Introduce Exculpatory Evidence.

In his third claim, petitioner alleges "that his trial counsel was ineffective for failing to reasonably investigate Ben Luckenbaugh, [the victim's brother,] who was not only in a key position to verify Petitioner's testimony with regard to his mistake of age defense, but who also allegedly played a key role in the events at issue."  (Rec. Doc. No. 22, p. 4).

We agree with respondent that petitioner is barred from asserting this claim because he has failed to exhaust state remedies on the issue.  As discussed above, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).

The instant ground was never presented to the state courts.  Under the PCRA, the time for presenting the claim has expired. Pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b), there is a one-year jurisdictional limitations period for presenting claims under the PCRA. "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found

at § 9545(b) (l)(I)-(iii).  See <u>Pennsylvania v. Fahy</u>, 737 A.2d 214, 222 (Pa. 1999).

Gladfelter does not argue that any of these exceptions are available to him.  He is

therefore barred from proceeding further in state court.

When a claim is not exhausted because it has not been fairly presented to the

state courts, but state procedural rules bar the applicant from seeking further relief

in state courts, the exhaustion requirement is satisfied because there is an absence

of available State corrective process.  28 U.S.C. § 2254(b). However, a federal

habeas court cannot review the merits of procedurally defaulted claims unless the

petitioner demonstrates either cause for the procedural default and actual prejudice,

or that a fundamental miscarriage of justice will result if the court does not review

the claims.  See <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999);

<u>Coleman v. Thompson</u>, 501 U.S. 722, 750-51 (1991); <u>Caswell v. Ryan</u>, 953 F.2d

853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, the

petitioner must show that some objective external factor impeded petitioner's

efforts to comply with the state's procedural rule.  See <u>Murray v. Carrier</u>, 477 U.S.

478, 488 (1986).  "Prejudice" will be satisfied if the habeas petitioner shows that

the outcome was "unreliable or fundamentally unfair" as a result of a violation of

federal law.  See <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 366 (1993).

Alternatively, a federal court may excuse a procedural default if the

petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). This exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Gladfelter has not alleged cause for a procedural default, nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Consequently, he is precluded from pursuing the issue of his attorney's alleged ineffectiveness for declining to investigate or elicit testimony from Ben Luckenbaugh.

Even if petitioner was permitted to maintain this claim, it would still fail on the merits. In order to establish ineffectiveness for failure to call a witness, a defendant must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or where counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to deny him a fair trial. See Pennsylvania v. Ervin, 766 A.2d 859, 865 (Pa. Super. Ct. 2000). Further, ineffective assistance of counsel for failure to call witnesses will not be found where a defendant fails to provide

affidavits from the alleged witness indicating their availability and willingness to cooperate with the defense. <u>Pennsylvania v. Khalil</u>, 806 A.2d 415, 422 (Pa. Super. Ct. 2002). Gladfelter has neglected to proffer anything, other than his own claims, indicating that another individual had evidence favorable to his case or that such an individual was prepared to assist in his defense. As a result, "[the court] does not have grounds to find that the state courts have made an unreasonable determination of the material facts of this claim." (Rec. Doc. No. 36, p. 12-13).

Gladfelter argues that, because we review this case <u>de</u> <u>novo</u>, we owe no deference to the magistrate judge, just as he owed no deference to the state court. Although this may be accurate, nothing forestalls us from reviewing the record and holding that the prior courts arrived at the correct conclusion. This is what we have done here.

Thus, we hold that the state court's determinations were reasonable in light of the evidence presented and were not contrary to, or unreasonable applications of, clearly established federal law.

B. <u>Trial Court Error</u>

1. <u>Jury Instruction</u>

In his final claim, Gladfelter avers that the trial court erred in its jury

instruction because it "instruct[ed] the jury that [Gladfelter could be found] guilty if they [were] satisfied that a sexual relationship between Petitioner and Complainant took place."  Rec. Doc. No. 22, p. 5).

Under Pennsylvania law,

> [w]hen reviewing a challenge to part of a jury instruction, the Court must review the jury charge as a whole to determine if it is fair and complete.  A trial court has broad discretion in phrasing its charge and can choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.  Only where there is an abuse of discretion or an inaccurate statement of law is there reversible error.

Pennsylvania v. Hall, 701 A.2d 190, 207 (Pa. 1997); see also Victor v. Nebraska, 511 U.S. 1, 5 (1994); Boyde v. California, 494 U.S. 370 (1990); Boyd v. United States, 271 U.S. 104, 107(1926).  The Superior Court of Pennsylvania on appeal from denial of petitioner's PCRA petition addressed this issue.  The court rejected the claim, stating as follows:

> Having reviewed the trial court's jury instructions as a whole, we agree with the PCRA court's conclusion that the court adequately instructed the jury regarding the elements of each and every charged offense, as well as the fact that mistake of age, if proven, would be a complete defense to all of the offenses.  The trial court devoted great effort to explaining the mistake of age defense.  Specifically, the trial court explained to the jury that, if [Gladfelter] was reasonably mistaken as to the victim's age, he should be found not guilty of the charged offenses. Further, the court instructed the jury that [Gladfelter] had to meet the preponderance of the evidence standard to

sustain the defense, in contract to the Commonwealth's burden
of proof beyond a reasonable doubt with regard to the offense.
The trial court satisfied the requirement of clearly, adequately,
and accurately presenting to the law to the jury.

Gladfelter II at p. 10-11.

We agree; jury instructions are not to be dissected, but reviewed in concert.

United States v. Kemp, 500 F.3d 257, 281 (3d Cir. 2007) (quoting United States v.

Park, 421 U.S. 658, 674 (1975)); United States v. Pflaumer, 774 F.2d 1224, 1233

(3d Cir. 1985); United States v. Street, No. 06-CR-659-1, 2008 WL 4560678, at *7

(E.D. Pa. Oct. 10, 2008) (citations omitted).  Petitioner's request that we examine

different portions of the jury instructions in a vacuum is not supported by law.  A

thorough review of the jury instructions as a whole confirms the state court's

analysis and the magistrate judge's determination that this claim lacks merit.

Therefore, we must dismiss this claim.  See Edwards, 762 A.2d at 390.


**CONCLUSION:**

For the forgoing reasons we will dismiss Gladfelter's petition in its entirety.




   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

26

N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES GLADFELTER,                  :
                                     :
              Petitioner,            :          4:CR-08-00275
                                     :
       v.                            :
                                     :
                                     :          (Judge McClure)
                                     :          (Magistrate Judge Smyser)
ATTORNEY GENERAL OF                  :
THE COMMONWEALTH OF                  :
PENNSYLVANIA,                        :
YORK COUNTY DISTRICT                 :
ATTORNEY,                            :
                                     :
              Respondents.           :

# O R D E R

May 8, 2009

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Gladfelter's amended petition under § 2254 is DISMISSED. (Rec.

      Doc. No. 22).

2.    Magistrate Judge Smyser's report and recommendation is adopted to

      the extent that it is consistent with this opinion.  (Rec. Doc. No. 36).

3.    The clerk is directed to close the case file.

4.    There is no basis for an appeal from this order.


        s/ James F. McClure, Jr.
      James F. McClure, Jr.
      United States District Judge